UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LUIS RUIZ,

          Petitioner,          Case No. 1:19-cv-1079

v.                                        Honorable Robert J. Jonker

BOB VASHAW,

          Respondent.
_____/

### REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After

undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## DISCUSSION

### I.  Factual Allegations

Petitioner Luis Ruiz is incarcerated with the Michigan Department of Corrections at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. Petitioner pleaded *nolo contendere* in the Ingham County Circuit Court to fourth-degree criminal sexual conduct (CSC-IV), and to being a habitual offender, fourth offense, Mich. Comp. Laws § 769.12, in exchange for a sentencing agreement under *People v. Killebrew*, 330 N.W.2d 834 (Mich. 2009), providing a minimum sentence between 30 and 46 months. On August 3, 2016, the time set for sentencing, Petitioner advised the court that he was actually innocent and raised concerns about the voluntariness of his plea. The trial court asked Petitioner if he wished to move to withdraw his plea. Petitioner declined to do so. The court sentenced Petitioner to a prison term of 30 months to 15 years. (*See* Order Den. Def.'s Mot. for Relief from J., ECF No. 1-10, PageID.41-42.)

On January 18, 2017, Petitioner, through appellate counsel, moved to withdraw his plea and for resentencing, contending that the prosecution had deleted the video recording from three of the four cameras, depriving Petitioner of favorable evidence, and that counsel was ineffective for pursuing and recommending that Petitioner agree to enter a plea. The trial court held a hearing on the motions on

2

March 16, 2017. It denied both motions, finding that Petitioner's plea was voluntary and that the prosecution had provided Petitioner all of the video evidence it possessed.

Petitioner sought leave to file a delayed application for leave to appeal to the Michigan Court of Appeals. The court of appeals denied the application on May 22, 2017, for lack of merit in the grounds presented. Petitioner then sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on November 29, 2017.

According to the habeas application, Petitioner filed a motion for relief from judgment in the trial court on August 7, 2017, while his direct appeal remained pending. The trial court denied his motion on May 30, 2018. Petitioner did not seek leave to appeal the court's order to either the Michigan Court of Appeals or the Michigan Supreme Court.

On December 16, 2019, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on December 16, 2019. (Pet., ECF No. 1, PageID.14.)

## II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court

of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on November 29, 2017. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on February 27, 2018.

Petitioner had one year from February 27, 2018, or until February 27, 2019, in which to file his habeas application. Petitioner filed his application on December 16, 2019. Obviously he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007).

Petitioner filed his state-court motion for relief from judgment under Mich. Ct. R. 6.502 on August 7, 2017, before his judgment of conviction became final on February 27, 2018. His statute of limitations therefore did not even begin to run before it was tolled; the limitations period remaining tolled from the time Petitioner's

5

conviction became final until his post-conviction motion was no longer pending. The trial court denied the motion for relief from judgment on May 30, 2018.

Petitioner did not seek leave to appeal to either the Michigan Court of Appeals or the Michigan Supreme Court. In *Quatrine v. Berghuis*, No. 14-1323, 2016 WL 1457878, at *2 (6th Cir. April 12, 2016) (unpublished), the court held that, "[b]ecause Quatrine did not file a timely appeal, or any appeal at all, of the denial of his motion for relief from judgment, the limitations period was not tolled after the state trial court denied his post-conviction motions . . . .") (citing *Evans v. Chavis*, 546 U.S. 189, 197 (2006)). However, in *Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016), the Sixth Circuit issued a published opinion. Concluding that the question had never been addressed in the Sixth Circuit, the *Holbrook* court held that a petitioner does not retroactively lose the time for filing an appeal on a motion for relief from judgment if he fails to appeal in a timely fashion. Thus, within a four-month period, the Sixth Circuit came to contrary conclusions about whether the statute of limitations remains tolled during the period in which a petitioner could have but did not file an appeal. Given that *Holbrook* is a published decision, the Sixth Circuit now considers the statute of limitations tolled during the period during which a decision denying collateral review could have been appealed.

Petitioner's motion for relief from judgment therefore must be deemed to have remained pending during the time he could have filed an application for leave to appeal to the Michigan Court of Appeals from the trial court's order denying the motion for relief from judgment. Petitioner had six months from the date of the trial

6

court's order, or until November 30, 2018, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(G)(3). The tolling period therefore ended on November 30, 2018. Petitioner had one year from that date, or until November 30, 2019, in which to file his habeas petition. Petitioner, however, did not file until December 16, 2019, more than two weeks after his period of limitations expired.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner raises a variety of arguments about why his petition should be deemed timely. First, he argues that he should be entitled to equitable tolling, because he was ignorant of the law. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Second, Petitioner argues that he was enrolled in the Michigan Sex Offender Program (MSOP) from November 13, 2018, until November 5, 2019. Petitioner sought to participate in the program, which was recommended or required for him to receive a favorable determination at his parole date, March 26, 2020. In order to participate in MSOP, Petitioner was required to take responsibility for his conviction conduct. Petitioner argues that he was unable to appeal the denial of his motion for relief from judgment or face ineligibility for MSOP.

For purposes of equitable tolling, "extraordinary circumstances" are present only when an "'external obstacle'" beyond the party's control "'*stood in his way*'" and caused the delay. *Menominee Indian Tribe of Wis. v. United States*, ⎯⎯ U.S. ⎯⎯, 136 S. Ct. 750, 756 (2016) (emphasis in original) (quoting *Holland*, 560 U.S. at 653). In other words, the circumstances that caused a party's delay must be "both

extraordinary *and* beyond its control." *Id.* (emphasis in original); *see also Hall*, 662 F.3d at 749 (holding that an extraordinary circumstance that would support equitable tolling exists when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."). Petitioner's failure to appeal the order denying relief from judgment arose from his own calculated decision about when to participate in the MSOP—in 2018-19—to improve his chances for parole at the earliest possible date, March 2020. While Petitioner may have faced a difficult choice in choosing which strategy to employ to best limit his prison time, the impediment to his filing an appeal did not arise from circumstances beyond his control.

Regardless, as a purely factual matter, Petitioner was not prevented by the MSOP program from filing an appeal to the Michigan Court of Appeals. The trial court issued its order on May 30, 2018. According to his habeas application, Petitioner did not enter the MSOP program until November 13, 2018, two weeks before the expiration of the six-month period in which he could have filed a delayed application for leave to appeal to the Michigan Court of Appeals. (*See* Pet., ECF No. 1, PageID.13.) The MSOP therefore did not have any impact on his ability to file an appeal for five-and-one-half months. Petitioner simply failed to act diligently to file that appeal.

Third, Petitioner argues that one of his pleadings came up missing at some point and that a librarian at the Richard A. Handlon Correctional Facility (MTU)— not the facility at which Petitioner was housed at the time he filed his petition—

9

refused to make copies of unspecified attachments. Petitioner's vague assertions about temporary inconveniences at an unidentified point in his limitations period fall far short of demonstrating "extraordinary circumstances." Moreover, Petitioner was not required to attach copies of his state-court pleadings or exhibits in order to file his habeas petition. *Cf. Hall*, 662 F.3d at 751 (rejecting the notion that transcripts are required to file a habeas petition and specifically noting that Rule 2(c) of the Rules Governing Section 2254 Cases requires only that a petitioner "specify all the grounds for relief" and "state the facts supporting each ground").

For all these reasons, Petitioner fails to demonstrate that he is entitled to equitable tolling of the statute of limitations.

Finally, in *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may

consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## III.   Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467

11

(6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id.*

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely.  Therefore, I recommend that a certificate of appealability should be denied.

Moreover, although I conclude that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right, I would not conclude that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  Finally, I recommend that the Court not certify that an appeal would not be taken in good faith.

Dated:  January 10, 2020          /s/ Phillip J. Green
                                  Phillip J. Green
                                  United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).